GEO. A. EDDY AND H. C. CROSS, RECEIVERS, v. JOSIE HARRIS.

No. 3142

**Excursion Rates — Acts of Station Agents.** — One J. Sparks contracted with Eddy and Cross, receivers, for an excursion from Sulphur Springs to Dallas at specified reduced rates.  Sparks had a ticket prepared as follows:  "Round trip.  June 19, 1889.  Good only on special train to-day on M. K. & T. R. R.   Sulphur Springs to Dallas and return  [Signed]  J. Sparks, Manager."   Josie Harris desiring to celebrate emancipation at Dallas applied to the regular ticket agent at the ticket office at Sulphur Springs for a ticket.  She was furnished one of the Sparks tickets, and she paid therefor the price asked by the ticket agent.  She was carried to Greenville.  Sparks having failed to make up the funds he had promised, the railway authorities refused to send on the special excursion train.   The plaintiff bought at Greenville another ticket, was carried on to Dallas, reaching there too late to participate in the anniversary ceremonies.  She also had to leave Dallas on return train, six or seven hours earlier than contemplated by the excursion train.  She obtained judgment for $50.  On appeal by the railway, *held:*

1.   The action of the ticket agent in accepting money from plaintiff for her transportation, etc , bound the receivers.

2.   Plaintiff being ignorant of the Sparks contract, the form of the ticket given her signed by Sparks did not charge her with notice of its details.

3.   It would seem that the act of the ticket agent in taking the passage money from plaintiff would as to her be an assurance that the Sparks contract was binding upon the road, and the receivers would be bound although plaintiff may have known the terms of the Sparks contract.

4.   There being no special damages alleged or shown she could only recover the money paid, and for loss of time, for which the verdict is excessive.

APPEAL from Hopkins.   Tried below before Hon. E. W. Terhune.   The opinion states the case.

*Peteet & Crosby,* for appellants.— 1.  Appellee's ticket was prima facie evidence of a contract between appellee and I. Sparks, and is a contract as expressed thereon, including the conditions.   2 Wood's Ry. Law, secs. 346, 347.

2.   The Sparks ticket, together with the other evidence, shows there was no privity of contract between the appellants, the receivers of the railroad, and the appellee, and the appellants therefore were not bound to transport appellee to Dallas and return.  Shankland v. Mayor of Wash-

ington, 5 Pet., 390; Jones v. George, 61 Texas, 345; Donald v. Snelling, 96 Mass., 294.

3. Delay, mental worry, and inconvenience in failing to transport a passenger as per contract are not elements of actual damages and can not be recovered for in the absence of physical injury in a suit upon the breach of contract. Walsh v. Railway, 24 Am. Rep., 376; Rowell v. Tel. Co., 75 Texas, 26; 2 Wood's Ry. Law, sec. 317; Railway v. Levy, 59 Texas, 563.

4. The measure of damages in a suit for breach of contract is, in the absence of proof of any special damages by delay, only the price of the extra fare demanded and paid for transportation to the place of destination. 3 Wood's Ry. Law, p. 1433; Hall v. Railway, 15 Fed. Rep., 57.

5. A contract can be enforced only between the contracting parties. Jones v. George, 61 Texas, 364; Donald v. Snelling, 94 Mass., 294.

*B. W. Foster* and *H. E. Henderson,* for appellee.— 1. When corporations or individuals recognize and hold out with apparent authority agents, knowing and even recognizing their acts, and afterwards receive benefits therefrom, they can not by merely generally extending benefits avoid liability. Story on Agency, secs. 250, 252–260; 1 Pars. on Con., pp. 42–47; 17 Texas, 560; 44 Texas, 581, 582.

2. Where a railroad company permits a ticket to be sold by its agent and does not give notice that the same is conditional, it is bound to carry out the conditions of the contract thus entered into. 1 Suth. on Dam., p. 749; Miller v. Railway, 65 Texas, 659.

3. Where a carrier fails to comply with a contract of carriage, and one of the necessary results is injury to the feelings, it is a basis for actual damages. Stuart v. Tel. Co., 66 Texas, 580; Railway v. Hill, 63 Texas, 381.

STAYTON, CHIEF JUSTICE.—Appellants as receivers made a contract with one Sparks, whereby the latter was to have the use of cars on road controlled by appellants for the purpose of transporting excursionists on June 19, 1889, from Sulphur Springs and Greenville to Dallas and return.

For the cars Sparks agreed to pay $395, of which $100 was paid in advance, and the balance was to be paid before the cars should leave the two places named.

The time for leaving the several points both in going and returning was fixed by the contract with Sparks, but of that contract, or that Sparks had control of the excursion train, appellee on the morning of the 19th of June was ignorant, but she did know that an excursion train was to run on that day from the places named to Dallas and return.

The sum to be paid for train between Sulphur Springs and Greenville and return and between the latter place and Dallas and return seems to have been fixed, and the sum paid by Sparks in advance, with such sum as was

received on sale of tickets by the agent of receivers at Sulphur Springs, exceeded the sum to be paid for train between that place and Greenville.

Sparks had tickets printed, which were as follows:

"Round trip.    June 19, 1889.    Good only on special train to-day on M. K. & T R. R.    Sulphur Springs to Dallas and return.

"J. SPARKS, Manager."

These tickets were placed by Sparks in the hands of the receivers' ticket agent for sale, and on the morning of June 19, 1889, appellee, desiring to go to and return from Dallas on the excursion train which she understood would go on that day, applied to that agent, who was selling tickets at the office and usual place for selling tickets, for a ticket from Sulphur Springs to Greenville, probably thinking, as there was a change in the gauge at Greenville, that she would have to buy tickets at each place.

The agent informed her that he could not sell her a ticket for the excursion train then standing at the depot to Greenville, but that he could sell her a ticket to Dallas and return, whereupon she paid to him $2.40 and received a ticket in the form above set out, she being ignorant that Sparks had any connection with or control of the train.    The sum paid was the excursion rate from Sulphur Springs to Dallas and return.

After purchasing the ticket appellee entered a car and the train proceeded to Greenville, there being many other persons on board situated as was appellee.    When the train reached Greenville, Sparks having failed to pay the sum he had agreed to pay before the train should leave that place, the officers of the road refused to send the excursion train through; but on payment of $1 55 appellee was carried to Dallas and returned to Sulphur Springs, which she reached on the same train and at same time she would have reached that place had the excursion train gone from Greenville to Dallas as at first contemplated in the agreement between Sparks and appellants.    There was, however, some delay at Greenville, and the train on which appellee went to Dallas did not reach that place by about three hours as early as it would had the excursion train gone through as contemplated by the agreement with Sparks.

It further appears that the train on which appellee returned from Dallas left that place about 5 o'clock p. m., on June 19, when it was not contemplated that the train which Sparks had contracted for would leave Dallas before midnight.

The purpose of those going on the excursion was to attend the anniversary of emancipation, and appellee, on account of the delay at Greenville, may not have witnessed the ceremonies attending the celebration, and further did not arrive in time to partake of a free dinner which she might have received had she arrived at the time the excursion train would had it gone through as contemplated in the agreement with Sparks.

Judgment on this state of facts was rendered in favor of appellee for $50.

It is urged that the court below erred in holding that under the facts

the receivers were bound under the act of their agent to transport appellee to Dallas and return for the sum paid to that agent.

We are of opinion that there was no error in this respect, and that when appellee paid to the agent of the receivers, at their office where he in the usual place and course of business sold tickets, the sum which he demanded for transportation to and from Dallas, that a contract binding on appellants was made, and that for their violation of it appellee has cause of action

Appellee was ignorant of the agreement between appellants and Sparks, and the fact that the ticket given to her was signed "J. Sparks, manager," was not sufficient to charge her with notice of it.

When the agent of a railway company, or of receivers in charge of a railway, receives the money of one desiring to become a passenger from one point to another, then a contract binding on the company or receiver exists; and it may well be doubted if knowledge of appellee that Sparks had contracted for the train on that day would affect the question, for if his right to the train was not fixed, such an agent ought not in the usual course of business to receive the money of one desiring to become a passenger.

If Sparks had complied with his contract, its breach by appellants would have given to one who had purchased tickets for that day a cause of action, and if appellee had known of Sparks' contract, the act of appellants' agent would be equivalent to a declaration that he had complied with it.

It is urged that the judgment is excessive, and we are of opinion that there are no facts stated in the court's conclusions of fact sufficient to sustain the judgment.

Appellee is entitled to recover the sum paid by her at Greenville, with interest thereon, as damages; and as the purpose of her visit to Dallas was practically defeated by the delay at Greenville, to compensation for loss of time, which may embrace the entire period from time of her leaving Sulphur Springs till her return; but this is the extent of her rights under the facts shown.

Because the judgment is excessive it will be reversed; and as there is no finding of fact on which judgment can be here rendered, the case will be remanded.

*Reversed and remanded.*

Delivered November 25, 1890.